**United States District Court**
For the Northern District of California

E-FILED on    8/19/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK MELONZI,<br><br>          Petitioner,<br><br>     v.<br><br>SUE HUBBARD, Warden,<br><br>          Respondent. | No. C-01-20631 RMW<br><br>ORDER DENYING REQUEST FOR STAY<br><br>**[Re: Docket No. 41]** |

By its order dated August 11, 2008, the court granted petitioner Frank Melonzi's petition for writ of habeas corpus, subject to the state's right to commence a retrial within sixty days on the charge of continuous sexual abuse. On August 19, 2008, the state filed a motion requesting a stay until the Supreme Court decides *Chrones v. Pulido*, ___ U.S. ___ , 128 S.Ct. 1761 (2008). In *Pulido*, which is scheduled to argued on October 18, 2008, the Supreme Court granted certiorari on the issue of whether the Ninth Circuit's "absolutely certain" approach set forth in *Lara v. Ryan*, 455 F.3d 1080 (9th Cir. 2006) is based on clearly established Supreme Court authority as required by 28 U.S.C. § 2254(d), or whether the harmless error standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993) is the only appropriate test of harmless error on habeas review.

1    The court denies respondent's motion to stay.  After this action was remanded from the Ninth
2 Circuit, the court requested supplemental briefing regarding petitioner's collateral estoppel claim.
3 Petitioner filed his supplemental memorandum, reiterating his argument that because he was
4 previously acquitted of rape, collateral estoppel barred the use evidence of that "rape" as one of the
5 required acts for a conviction of continuous sexual abuse.  In his supplemental briefing, petitioner
6 cited *Lara* in support of his argument that the use of this evidence was not harmless error and that
7 petitioner's conviction for continuous sexual abuse cannot stand when the jury delivers a general
8 verdict that may rest on a legally valid or legally invalid ground.

9    In response to petitioner's supplemental memorandum, the respondent argued only that
10 petitioner's collateral estoppel theory fails because the issue decided in petitioner's first acquittal at
11 trial was not his guilt or innocence of the charge of continuous sexual abuse, rather whether the
12 evidence was sufficiently reliable.  Respondent made absolutely no argument about harmless error
13 whatsoever.  For respondent to now seek to stay this court's judgment on a ground that the state did
14 not bother to argue is untenable as it is manifestly unfair to the petitioner.  As the question of
15 whether the error was harmless was clearly at issue in regard to the supplemental briefing, the court
16 finds that respondent has waived this argument, and thus cannot make a showing that it will succeed
17 on the merits of its argument.  Accordingly, the court denies respondent's motion to stay.

20 DATED:      8/19/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

John J. Jordan                    jjordanesq@aol.com
Walter K. Pyle                    walt@wfkplaw.com

**Counsel for Defendants:**

Nanette Sue Winaker        nanette.winaker@doj.ca.gov
Margo J. Yu                       margo.yu@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____8/19/08_____                           _____/s/ MAG_____
                                                                              **Chambers of Judge Whyte**

ORDER DENYING REQUEST FOR STAY — No. C-01-20631 RMW
3